37 So.2d 711

## STATE ex rel. BROOKSHIRE v. BROOKSHIRE.

### No. 38612.

Nov. 8, 1948.

Severn T. Darden and Siegfried B. Christensen, both of New Orleans, for respondent-appellant.

Louise L. Burton and R. H. Burton, both of New Orleans, for relator-appellee.

O'NIELL, Chief Justice.

This is a contest between the parents for the care and custody of an illegitimate child, a boy 5½ years of age. He was born on March 29, 1943. The trial judge decided that the child should be left with the mother. The father is appealing from the decision. He was married to another woman when the child was conceived and born; hence the child is an adulterous bastard.

The father and mother began living together in concubinage in or about 1941 or 1942, when she was only 19 year of age, and he was about 31, and was married to the other woman. On April 17, 1944, he obtained a divorce, and on May 22, 1944, he married the woman who is the plaintiff in this suit, the mother of his illegitimate child. Meanwhile the parents of the child lived together until January 9, 1947, when she left her husband and sued him for a divorce on the ground that they had been living separate and apart continuously for two years.

The child lived with his maternal grandparents on a farm near Ponchatoula, Louisiana, until March 1947, except for

a period of two months, in the spring of 1944, when the child lived with his parents in New Orleans. On March 20, 1947, the father went to the home of the maternal grandparents of the child, near Ponchatoula, and without their knowledge or consent took possession of the child and brought him to the home of his paternal grandparents in New Orleans. Whereupon the mother brought this proceeding by habeas corpus and was awarded the care and custody of the child.

In her petition for the writ of habeas corpus the plaintiff alleged the facts which disclosed that the child was an adulterous bastard. And it is because of that disclosure that the defendant contends that the plaintiff is unworthy of having the care or custody of her child. The plaintiff's answer to the contention is that she was obliged to make the necessary allegations of fact in order to bring her case within the provisions of articles 238 and 245 of the Civil Code, and within the doctrine of the decision in Acosta v. Robin, 7 Mart., N.S., 387. These articles of the Civil Code leave the inference that the care and custody of illegitimate children belong exclusively to the mother, as a matter of right.

Article 238 declares: "Illegitimate children, generally speaking, belong to no family, and have no relations; accordingly they are not submitted to the paternal authority, even when they have been legally acknowledged."

Article 245 declares: "Alimony is due to bastards, though they be adulterous and incestuous, by the mother and her ascendants."

The implication in these articles of the Civil Code, or rather in the corresponding articles, 254 and 262, in the Code of 1825, was recognized in the case of Acosta v. Robin, decided in 1829; but the decision in that case, awarding the custody of an acknowledged illegitimate child to the mother, in a contest between her and the father of the child, was founded as much upon the finding by the court that the decision was for the best interest of the child as upon articles 254 and 262 of the Code of 1825.

In the present case there is no showing that it is not for the best interest of the child that he should be left in the care and custody of his mother, or of her parents, on the farm near Ponchatoula. There is no evidence of immoral conduct on the part of the child's mother. On the contrary all of the testimony on that subject is favorable to her. The two principal complaints made by the defendant in that respect are, first, that the mother of the child signed a false affidavit to her petition for a divorce, when she swore that she had been living separate and apart from her husband continuously for two years, and, second, that she committed a great wrong to the child when she divulged, in her petition in the present suit, the facts which disclosed that the child is an adulterous

bastard. Her answer to the first complaint is that it was on the suggestion and at the request of her husband that she made the affidavit, on her petition for a divorce, that she had been living separate and apart from her husband continuously for two years. The answer to the husband's second complaint is that the plaintiff, or her attorney, deemed it necessary to allege in her petition in the present suit the facts which divulged that her child was an adulterous bastard, in order to avail herself of articles 238 and 245 of the Civil Code, and of the decision rendered in Acosta v. Robin, 7 Mart., N.S., 387. We find nothing in either of the complaints made by the defendant here that should disqualify the plaintiff in her demand for the care and custody of her child, without regard for articles 238 and 245 of the Civil Code.

The judgment is affirmed.